**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ABEER H. DOE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, et al.,<br><br>    Defendants. | Civil Action No.: 1:25-cv-13946-JEK<br><br>CONSOLIDATED WITH:<br>*Abeer H. Doe, et al. v. Trump, et al.*,<br>1:26-cv-11382-JEK |

## <u>DEFENDANTS' ANSWER TO COMPLAINT</u>

Defendants submit this Answer to the Complaint in *Abeer H. Doe, et al. v. Trump, et al. (Doe II)*, Case No. 1:26-cv-11382. By answering, Defendants do not waive, and expressly preserve, each and every defense based on lack of subject-matter jurisdiction, including the absence of final agency action under 5 U.S.C. § 704; operation of the INA's jurisdiction-stripping provisions, 8 U.S.C. §§ 1252(a)(2)(B); lack of Article III standing; and commitment of the challenged actions to agency discretion under 5 U.S.C. § 701(a)(2). All such defenses are non-waivable under Federal Rule of Civil Procedure 12(h)(3) and are separately preserved below. Defendants also expressly preserve their challenge to venue as to the ninety-six (96) Plaintiffs who have not alleged residency in this District, which is asserted at this first available opportunity pursuant to Federal Rule of Civil Procedure 12(h)(1).

### RESPONSES TO NUMBERED PARAGRAPHS OF COMPLAINT

Defendants respond to the numbered paragraphs of the Complaint as follows. Any allegation not specifically admitted herein is denied. A denial of any characterization or legal conclusion is not an admission that the underlying predicate facts are correct.

**Introduction (Paragraphs 1-8)**

1. Admitted that the Complaint purports to bring this action on behalf of Plaintiffs challenging Presidential Proclamation 10949 and subsequent agency guidance.  Defendants deny that these constitute an "unlawful hold" or unlawful action.

2. Admitted in part that the challenged agency guidance, Policy Alert PA-2025-26, and Policy Memoranda PM-602-0192 and PM-602-0194, may, in select cases, delay naturalization, adjustment of status, asylum or employment authorization for noncitizens in the United States. Denied that any such delay violates a statutory entitlement. Deny that this imposes a "nationwide" freeze on immigration benefits. Any remaining allegations are denied.

3.  The allegations state legal conclusions and characterizations of the Policy Memoranda to which no response is required. To the extent a response is required, Defendants deny that the Policy Memoranda constitutes unlawful action.

4. The allegations that Defendants have acted outside the bounds of their authority states a legal conclusion to which no response is required. Admitted that the Policy Memoranda implement enhanced security review procedures.  Any remaining allegations are denied.

5. The allegations that Defendants have acted outside the bounds of their authority state a legal conclusion to which no response is required. Admitted that the Policy Memoranda implement enhanced security review procedures. Any remaining allegations are denied.

6. The allegations concerning the Administrative Procedure Act assert legal conclusions to which no response is required. Defendants deny that they have acted outside the bounds of their authority, and deny all remaining allegations.

7. Defendants lack sufficient information to admit or deny these allegations. Defendants note that the assertions that "Naturalization applicants are pulled from oath ceremonies" and that

2

"adjustment applicants are denied green cards, work authorization, [or] advance parole" do not appear to be consistent with most of the 200 paragraphs of plaintiff-specific allegations.

8. The summary of relief sought and characterizations of Defendants' actions as unlawful assert legal conclusions to which no response is required.

**Jurisdiction and Venue (Paragraphs 9-16)**

9. Denied.

10. Denied.

11. Denied.

12. Admitted that 5 U.S.C. § 706 governs the scope of judicial review in APA cases where jurisdiction otherwise exists. Defendants deny that § 706 provides an independent basis for jurisdiction. The text of § 706 speaks for itself.

13. Denied.

14. Denied.

15. Defendants deny that venue is proper in this District as to all Plaintiffs. The Complaint specifically alleges residency in this District as to only 3 Plaintiffs. As to the remaining approximately 96 Plaintiffs, the Complaint alleges no facts establishing residency in this District or any other basis for venue under 28 U.S.C. § 1391(e). Defendants deny that venue in this District is proper as to those Plaintiffs, and expressly preserve their right to seek dismissal, transfer or severance on venue grounds pursuant to 28 U.S.C. §§ 1391(e), 1404(a), and 1406(a). This denial is made at the first available opportunity to preserve Defendants' venue objection under Federal Rule of Civil Procedure 12(h)(1).

16. Denied. The allegation that this case does not fall within any statutory exclusion from judicial review states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny it.

## Plaintiff Allegations (Paragraphs 17-117)

General Response to Paragraphs 17 Through 117: These paragraphs contain allegations specific to individual Plaintiffs regarding their nationality, immigration history, application filings, pending durations, and asserted hardships. Defendants lack sufficient knowledge or information to form a belief as to the truth of the biographical and circumstantial allegations in each of these paragraphs and therefore deny each such allegation. Defendants specifically deny as to each and every such paragraph: (a) that any applicable policy directive constitutes unlawful, arbitrary, or discriminatory agency action; (b) that any Plaintiff holds a legally cognizable right to adjudication within any particular period; (c) that any cognizable legal injury has occurred; and (d) all remaining characterizations of Defendants' actions as unlawful. Admitted only that enhanced security review procedures have been implemented pursuant to the agency guidance and Presidential Proclamations described herein.

## Defendants (Paragraphs 118-124)

118. Admitted that Donald J. Trump is the President of the United States and is sued in his official capacity, and that he issued the Presidential Proclamations. Defendants deny the challenged actions of President Trump's are unlawful.

119. Admitted that Kristi Noem was the Secretary of Homeland Security and was sued in her official capacity. Markwayne Mullin is the new Secretary of Homeland Security. Defendants deny the challenged actions of former Secretary Noem and current Secretary Mullin are unlawful.

120.  Admitted that Jospeh B. Edlow is the USCIS Director, he is sued in his official capacity, he is responsible for directing USCIS operations, which include, in part, the challenged agency guidance.  Defendants deny the challenged actions of Joseph Edlow are unlawful.

121. Admitted that Andrew Good is the USCIS Chief of Policy, he is sued in his official capacity, he is responsible for the policy of USCIS, which include, in part, the challenged agency guidance. Defendants deny the challenged actions of Andrew Good are unlawful.

122. Admitted that Jerry Scott Ammons was the Director of Boston's USCIS Field Office, he is sued in his official capacity, he is responsible for Boston's USCIS Field Office. Alisandra Parrish is currently acting Director of Boston's USCIS Field Office, she is sued in her official capacity, she is responsible for Boston's USCIS Field Office. Defendants deny the challenged actions of Jerry Scott Ammons and Alisandra Parrish are unlawful.

123. Admitted that the Department of Homeland Security is a cabinet-level department with statutory authority over immigration. Defendants deny the challenged actions of DHS are unlawful.

124. Admitted that USCIS is a component of DHS, that USCIS has responsibility for adjudicating applications for naturalization, adjustment of status, asylum, and employment authorization, among other immigration benefits. Admitted that the agency guidance is pursuant to statutory and delegated authorities. Defendants deny the challenged actions of USCIS's actions are unlawful.

<strong>Factual Background (Paragraphs 125-139)</strong>

125-126.   Admittted. Answering further, Presidential Proclamation 10949 speaks for itself. Defendants deny their actions were unlawful.

5

127-128. Admitted. Answering further, USCIS Policy Alert PA-2025-26 and the related press release filed by Plaintiffs speak for themselves. *Abeer H. Doe, et al. v. Trump, et al.*, 1:26-cv-11382-JEK , ECF No. 7, Ex. A-B. Defendants deny their actions were unlawful.

129-130. Admitted that USCIS issued Policy Memorandum PM-602-0192 on December 2, 2025, directing a temporary adjudicative hold and enhanced security review pending comprehensive vetting procedures. Any remaining allegations are denied.

131. Denied that USCIS issued PM-602-0192 based on the fact-finding detailed in PP 10949. Likewise, PM-602-0194 was issued based on fact-finding detailed in PP10998.  Admitted that USCIS issued PM-602-0192 without publishing a proposed rule, without soliciting public comment, and without notice-and-comment rulemaking, because policy guidance of this nature is not subject to notice-and-comment rulemaking requirements.

132. Denied. PM-602-0192 identifies criteria for holds or re-reviews, including pending benefit requests of aliens from the 19 high-risk countries listed in Presidential Proclamation 10949, as well as aliens traveling on documents issued by the Palestinian Authority. It outlines specific evaluative standards for the reviews, such as checks against the Terrorist Screening Dataset (TSDS) and involvement with organizations described in specific sections of the INA (p. 3). One stated goal is to conduct a comprehensive review of national security and public safety threats to ensure that applicants do not pose a risk to the United States (pp. 1, 3). The document states that USCIS must prioritize a list for review and provides for internal guidance to USCIS personnel. It does not require issuance of publicly available guidance or notice-and-comment rulemaking. PM-602-0194 applies to all pending benefit applications for aliens from "high risk countries" in Presidential Proclamation (PP) 10998 (p. 1). It provides a four-point standard for case-by-case reviews, including checks against TSDS and specific INA sections (e.g., 212(a)(3), 237(a)(4)) related to

national security and serious criminal conduct (p. 3). The stated goal is to conduct a comprehensive review of vetting processes and a re-review of benefit requests to ensure applicants do not pose a threat to national security or public safety (pp. 1, 3). The document mandates that USCIS prioritize a list for review and issue internal operational guidance (p. 5); like PM-602-0192, this provision directs internal guidance to USCIS personnel and does not pledge or imply the issuance of any publicly available guidance. It also provided ten categories of exemptions to the hold. *Id*. The ten enumerated exemption categories are: (1) Form I-90 (Application to Replace Permanent Resident Card); (2) Form N-565 (Application for Replacement Naturalization/Citizenship Document); (3) Form N-600 (Application for Certificate of Citizenship, except for Yemen and Somalia due to country-specific security and documentary concerns documented on the Department of State Visa Reciprocity Schedules); (4) certain Form I-765 Employment Authorization applications -- specifically, initial filings under 8 C.F.R. 274a.12(c)(8) (subject to *Asylumworks v. Mayorkas* processing requirements), limited under 8 C.F.R. 274a.12(c)(11) filings where the request comes from law enforcement because the alien is assisting law enforcement, and limited under 8 C.F.R. 274a.12(c)(14) filings; (5) Form I-910 (Application for Civil Surgeon Designation), but only for physicians who are U.S. citizens or nationals; (6) benefit requests filed by aliens who are athletes or members of an athletic team, including coaches, persons performing a necessary support role, and immediate relatives, for the purpose of participating in the World Cup, Olympics, or other major sporting events as determined by the Secretary of State; (7) benefit requests that are a priority for law enforcement and where ICE has specifically requested USCIS take adjudicative action to uphold public safety or national security; (8) benefit requests filed by aliens whose entry would serve a United States national interest; (9) benefit requests, as well as the associated underlying benefits, for any programs that are terminated or discontinued as a result of an Executive Order,

Proclamation, Federal Register Notice, or Directive issued by the President, the Secretary of Homeland Security, or the USCIS Director; and (10) automatic termination decisions for ancillary or related benefit requests when an alien is granted Legal Permanent Resident status or becomes a naturalized citizen.

133. Denied. Far from a blanket suspension based solely on origin, PM-602-0194 mandates that USCIS conduct a "thorough review on a case-by-case basis" for additional vetting and review to protect national security and public safety. (p. 3). This process requires officers to evaluate specific derogatory information and evidence-based triggers, such as an individual's presence in the TSDS or their connection to activities described in various sections of the INA including those related to espionage, terrorism, or serious criminal conduct (p. 3). Furthermore, the memoranda require active evidence-gathering through a "comprehensive review, potential interview, and re-interview" of affected aliens to assess individual threats (p. 3). Officers are strictly instructed to document all individual findings according to established protocols to support any subsequent legal determinations or actions (p. 2).

134. Denied. Both PM-602-0192 and PM-602-0194 establish express exemption procedures available to affected applicants. PM-602-0192 provides that any request for an exemption to the adjudicative hold must be coordinated with the USCIS Office of Policy and Strategy (OP&S), and that any request to lift the hold arising from litigation or other extraordinary circumstances must receive approval from the USCIS Director or Deputy Director. PM-602-0194 provides a more detailed exemption framework; all exemption requests are coordinated with OP&S, which tracks and records all hold lifts. PM-602-0194 further enumerates ten specific categories of applications that can be excepted from the adjudicative hold. In addition to the individual-case exemption procedures in the memoranda, USCIS has established a separate internal process through which

Program Offices and Directorates may request lifting holds on individual or group cases; such requests require review by OP&S, the Office of Chief Counsel, the Fraud Detection and National Security Directorate, and the Director's Office. Through this internal process, holds have already been lifted for: aliens vetted through Operation PARRIS (Post-Admission Refugee Reverification and Integrity Strengthening); Forms I-129F (Petition for Alien Fiancé(e)) and I-130 (Petition for Alien Relative) filed by U.S. citizens; intercountry adoption forms; and Forms I-590 (Registration for Classification as Refugee) filed by South African citizens or nationals. All operational guidance and hold-lift procedures described in this paragraph are internal guidance to USCIS personnel; they do not pledge or imply the issuance of any publicly available guidance or notice-and-comment rulemaking. Defendants deny all remaining allegations in this paragraph.

135. Defendants admit in part and deny in part. Defendants admit that certain schedule interviews were deferred pending the above-described activities, and that certain invitations to naturalization oath ceremonies were cancelled. The deferral of a schedule interview or withholding of a scheduling invitation is not a denial or a final adjudicative act. It is a discretionary administrative scheduling determination that does not extinguish any pending application, or constitute a final determination of any right or obligation. Defendants admit that scheduling deferrals were consistent with the applicable security review policy guidance as the basis for the deferrals. Defendants deny that USCIS is required to specify individualized statutory grounds for deferrals in scheduling notices, and deny that the absence of such individualized grounds constitutes a legal violation of any kind. Defendants deny all remaining allegations in this paragraph.

136. Defendants admit in part and deny in part. Defendants admit that adjudication of certain employment authorization applications, including certain renewal applications, was deferred following issuance of the agency guidance. Defendants deny that any deferral of adjudication

9

attributable to the challenged guidance caused the loss of work authorization for any specific Plaintiff in this case, and deny that the allegations regarding lapses in work authorization and loss of employment are applicable to the Plaintiffs identified in this Complaint. Defendants lack sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations regarding specific employment consequences experienced by individual Plaintiffs, and therefore deny them. Any remaining allegations are denied.

137-138. Defendants admit in part and deny in part. Defendants admit that Presidential Proclamation 10998 and PM-602-0194 addressed nationals of countries in addition to those covered by Presidential Proclamation 10949 and PM-602-0192. Both PP 10998 and PM-602-0194 speak for themselves. Defendants specifically deny that the allegations in the paragraph accurately or completely characterize the scope, structure, or effect of either issuance. Defendants deny that news reports and statements attributed to unnamed officials constitute an appropriate basis for factual allegations regarding the contents of issuances that are part of the record in this action. Defendants deny that the issuance of either PP 10998 or PM-602-0194 was required to comply with notice-and-comment rulemaking under 5 U.S.C. § 553. Presidential Proclamations issued pursuant to the President's authority under Article II of the Constitution and relevant statutes are not subject to APA notice-and-comment requirements. The agency guidance represents interpretation and statements of policy implementing statutes, regulations, and Presidential Proclamation, as is therefore exempt from notice-and-comment rulemaking. Otherwise denied.

139. The allegation asserts a legal conclusion to which no response is required. To the extent a response is required, Defendants specifically deny that the agency guidance constitutes a "freeze" on adjudications, since cases are allowed to proceed through processing up to final adjudication, with only the final decision deferred. USCIS continues to collect biometrics, conduct background

checks, perform security screenings, and to complete interviews during the hold period. The agency guidance enumerates ten categories of applications excepted from the hold. Moreover, since issuance of PM-602-0192 and PM-602-0194, USCIS has implemented numerous internal operational changes demonstrating that the agency's review process is active and ongoing, including: updated EAD validity period guidance to increase vetting frequency; revised photograph reuse guidance; biometric identity verification for fingerprint reuse; Operation PARRIS for refugee re-verification; policies requiring final arrest encounter review and Department of State Consular Consolidated Database checks before final adjudication; and the development of a layered enhanced vetting plan in consultation with interagency partners. All such operational change is internal to USCIS personnel; none of these steps pledge or imply the issuance of publicly available guidance or notice-and-comment rulemaking. The agency guidance enumerates ten categories of applications that are  excepted from the hold.

### Statutory and Regulatory Background (Paragraphs 140-155)

140. – 155. The cited statutory and regulatory provisions speak for themselves. Defendants deny any characterization of their legal effect inconsistent with these provisions or that they foreclose the enhanced security vetting procedures in the agency guidance. Any remaining allegations are denied.

### Prohibition on Nationality-Based Discrimination (8 U.S.C. § 1152(a)(1)(A))

156. Admitted that for much of the twentieth century the federal immigration system incorporated national-origin quotas, and that the Immigration Act of 1924 imposed form national-origin limits that restricted immigration from certain regions including Asia, Africa, and southern and easter Europe. Defendants deny any characterization, implication, or legal conclusion that the historical immigration framework described in this paragraph is analogous to, legally relevant to, or

probative of the lawfulness of the challenged guidance in this action. The challenged guidance are not national origin quotas, do not allocate immigration benefits on the basis of race, and were issued pursuant to distinct authorities that are distinct from the framework Plaintiffs describe.

157. – 160. The cited statutory and regulatory provisions speak for themselves. Defendants deny any characterization of their legal effect inconsistent with their text or that they foreclose the enhanced security vetting procedures. Any remaining allegations are denied.

161. – 163.  The allegations state legal conclusions and characterizations of the INA to which no response is required. Any remaining allegations are denied,, since the INA does not reflect the prohibitions Plaintiffs ascribe to it.

### Limits of INA § 212(f) and its Inapplicability to Domestic Adjudication
### (Paragraphs 164 – 169)

164. – 165. The allegations state a legal conclusions and characterizations of INA § 212(f) to which no response is required. Any remaining allegations are denied..

165. The allegations state legal conclusions to which no response is required. The statutory provisions cited speak for themselves. Any remaining allegations are denied..

166. – 196. The allegations state legal conclusions to which no response is required. Any remaining allegations are denied.

### Count I -- Ultra Vires Executive Action
### (Paragraphs 170 – 176)

170. – 176.  Defendants incorporate by reference their responses to all preceding paragraphs. Defendants deny each and every allegation of Count I. Defendants deny that the challenged actions constitutes *ultra vires* executive or agency action. Defendants deny that the Presidential Proclamations and agency guidance exceed the Defendants' authorities. Defendants deny all remaining allegations and deny that Plaintiffs are entitled to any relief under Count I.

**Count II -- APA: Contrary to Law (5 U.S.C. § 706(2)(A), (C))**
**(Paragraphs 177—181)**

177. – 181.   Defendants incorporate by reference their responses to all preceding paragraphs. Defendants deny each and every allegation of Count II. Defendants deny that the challenged actions are contrary to law or in excess of statutory authority. Defendants deny all remaining allegations and deny that Plaintiffs are entitled to any relief under Count II.

**Count III -- APA: Arbitrary and Capricious (5 U.S.C. § 706(2)(A))**
**(Paragraphs 182—187)**

182. – 187.   Defendants incorporate by reference their responses to all preceding paragraphs. Defendants deny each and every allegation of Count III. Defendants deny that the challenged directives are arbitrary, capricious, or an abuse of discretion. The agency guidance reflects reasoned, documented agency decision-making in response to specific national security events, grounded in the policy criteria established by the Presidential Proclamations. The enumeration of ten specific exemption categories in PM-602-0194, the establishment of an OP&S-coordinated exemption procedure, and the multiple internal operational improvements already implemented under the review process further demonstrate that the agency has engaged in reasoned decision-making rather than arbitrary action. Those internal operational changes include, as documented in *Abeer H. Doe, et al. v. Trump, et al.*, 1:26-cv-11382-JEK, ECF No. 49-1, Declaration of Andrew Good: updated EAD validity period guidance; revised photograph reuse and biometric verification policies; Operation PARRIS refugee re-verification; policies requiring final arrest encounter review and Department of State Consular Consolidated Database checks before final adjudication; an internal hold-lift process through which holds have already been lifted for multiple categories of applicants; and ongoing development of a layered enhanced vetting plan. USCIS has added applications associated with medical physicians to the list of cases eligible for a lift of the adjudication hold.  *See*  https://www.uscis.gov/newsroom/alerts/update-on-uscis-strengthened-

screening-and-vetting. Defendants deny all remaining allegations and deny that Plaintiffs are entitled to any relief under Count III.

### Count IV -- APA: Notice-and-Comment Violation (5 U.S.C. § 553)
### (Paragraphs 188—191)

188. – 191.   Defendants incorporate by reference their responses to all preceding paragraphs. Defendants deny each and every allegation of Count IV. Defendants deny that the agency guidance represents "substantive" rules subject to notice-and-comment rulemaking under 5 U.S.C. § 553. The agency guidance represents interpretive rules and/or statements of general policy, exempt from notice-and-comment requirements under 5 U.S.C. § 553(b)(A), that implement and explain USCIS's exercise of existing authorities. 5 U.S.C. § 553 also does not apply to the extent a military or foreign affairs function is involved. The agency guidance explicitly disclaims creation of any judicially enforceable rights. Defendants deny all remaining allegations and deny that Plaintiffs are entitled to any relief under Count IV.

### Count V -- Equal Protection
### (Paragraphs 192—196)

192. –196.   Defendants incorporate by reference their responses to all preceding paragraphs. Defendants deny each and every allegation of Count V. Defendants deny that the challenged directives violate the equal protection component of the Fifth Amendment of the U.S. Constitution. Defendants deny that the challenged directives constitute impermissible discrimination on the basis of national origin. The challenged directives apply country-specific enhanced vetting procedures based on documented differences in vetting infrastructure, civil document reliability, and national security risk profiles -- not impermissible characteristics -- and that such distinctions survive rational basis review given the compelling governmental interest in national security and public safety. Defendants further aver that the agency guidance's enumeration of specific exemption categories, including exemptions for law enforcement priorities and national interest

14

cases, demonstrates the agency's case-by-case judgment, as opposed to the alleged categorical discrimination. Defendants deny that any heightened standard of scrutiny applies. Defendants deny all remaining allegations and deny that Plaintiffs are entitled to any relief under Count V.

**Count VI -- Procedural Due Process**
**(Paragraphs 197—201)**

197. – 201.  Defendants incorporate by reference their responses to all preceding paragraphs. Defendants deny each and every allegation of Count VI. Defendants deny that Plaintiffs possess constitutionally protected liberty or property interests in the adjudication of immigration benefit applications on any particular timeline. Defendants deny that any procedural protections are constitutionally required as a precondition to the enhanced security review procedures implemented by the agency guidance. Defendants further aver that, to the extent any process is constitutionally required, the agency guidance provide adequate procedural mechanisms, including the OP&S-coordinated exemption procedure and the individualized review required by both memoranda. Defendants deny all remaining allegations and deny that Plaintiffs are entitled to any relief under Count VI.

**RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF**

Defendants deny that Plaintiffs are entitled to any of the relief requested in their Prayer for Relief or any part thereof. Defendants specifically deny that this Court has jurisdiction to grant the declaratory, vacatur, or injunctive relief sought in items 1 through 5, for reasons set forth in Defendants' Defenses below. Defendants deny that any of the challenged directives should be declared unlawful, vacated, or enjoyed. Defendants deny that any order compelling adjudication of Plaintiffs' applications is appropriate or within this Court's authority given the absence of final agency action, the applicable jurisdiction limiting provisions of the INA, and the discretionary nature of the challenged actions. Defendants deny that any predicate for an award of attorneys'

15

fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, has been or will be established. Defendants deny that Plaintiffs are entitled to any further relief.

## AFFIRMATIVE AND OTHER DEFENSES

Without prejudice to any other denial, and without admitting any allegation not expressly admitted herein, Defendants assert the following defenses. By asserting defenses based on lack of subject-matter jurisdiction, Defendants do not waive, and expressly reserve, all such jurisdictional objections. Defendants reserve the right to assert additional defenses as the litigation develops.

1.      This Court lacks subject-matter jurisdiction over the claims of all Plaintiffs challenging the agency's judgment to defer whether to grant their application for adjustment of status under INA § 245, 8 U.S.C. § 1255, by operation of 8 U.S.C. § 1252(a)(2)(B)(i).

2.      The Court lacks subject-matter jurisdiction over Plaintiffs' claims relating to discretionary decisions and actions by operation of 8 U.S.C. § 1252(a)(2)(B)(ii), which bars judicial review of "any other decision or action of the Attorney General or the Secretary of Homeland security for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security" (except the granting of asylum).

3.      This Court lacks subject-matter jurisdiction because the challenged guidance does not constitute "final agency action" within the meaning of 5 U.S.C. § 704.

4.      Plaintiffs' claims are further barred because the challenged actions are "committed to agency discretion by law" within the meaning of 5 U.S.C. § 701(a)(2).

5.      Plaintiffs lack Article III standing as to all or some of their claims. Many Plaintiffs have failed to allege sufficiently particular and concrete injuries fairly traceable to the specific challenged directives and redressable by the relief sought. To the extent any Plaintiff's claim rests on speculative future harm that has not yet materialized, that claim is not ripe.

6.      Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

7.      The challenged directives are authorized by and consistent with controlling statutes, regulations, and the President's inherent constitutional authority over national security and foreign affairs.

8.      The challenged agency guidance represents interpretative rules and/or statements of general policy exempt from notice-and-comment rulemaking under 5 U.S.C. § 553(b)(A).

9.      The executive determinations underlying the challenged directives present non-justiciable political questions committed to the Executive Branch.

10.     Plaintiffs possess no constitutionally protected liberty or property interest in the adjudication of immigration benefit applications within any specific period.

11.     Plaintiffs are improperly joined in a single action.  Fed. R. Civ. P. 20, 21; 28 U.S.C. §§ 1391(e), 1404(a), 1406(a)).

12.     Venue is improper in this Court where the Complaint alleges residency in this District as to only 3 of the 99 plaintiffs. As to the remaining approximately 96 plaintiffs, the Complaint alleges no proper basis for venue under 28 U.S.C. § 1391(e). Defendants expressly preserve, and do not waive, their right to challenge venue and to seek dismissal, transfer, and severance as to those Plaintiffs.

13.     To the extent any Plaintiff has failed to exhaust available administrative remedies prior to seeking judicial review, that Plaintiff's claims are barred for failure to exhaust.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court:

1.      Dismiss the Complaint in its entirety for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1);

17

2.      In the alternative, dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), or grant judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c);

3.      Dismiss, transfer, or sever the claims of the approximately 96 Plaintiffs who have not alleged residency in this District, for improper venue and improper joinder, pursuant to Federal Rules of Civil Procedure 20 and 21 and 28 U.S.C. §§ 1391(e), 1404(a), and 1406(a);

4.      Deny all relief requested in the Complaint, including Plaintiffs' request for a preliminary and permanent injunction;

5.      Enter judgment for Defendants on all claims;

6.      Award Defendants their costs of suit; and

7.      Grant such other and further relief as the Court deems just and proper.

**[SIGNATURE ON FOLLOWING PAGE]**

Respectfully submitted,
DEFENDANTS DONALD J. TRUMP, et al.

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

CARA E. ALSTERBERG
Assistant Director

VICTORIA TURCIOS
United States Department of Justice
Civil Division
Office of Immigration Litigation
450 Fifth Street N.W.
Washington, DC 20044

LEAH B. FOLEY
United States Attorney


By:    */s/ Eve A. Piemonte*
       Eve A. Piemonte
       Assistant United States Attorney
       United States Attorney's Office
       John J. Moakley U.S. Courthouse
       1 Courthouse Way, Suite 9200
       Boston, MA  02210
       (617) 748-3369
Dated: June 1, 2026          Eve.Piemonte@usdoj.gov

19